PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-CR-00222 ADA-BAM |
|---|---|
| Plaintiff, | |
| v. | STIPULATION CONTINUING STATUS CONFERENCE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| AMADO ESCOBEDO, JR. and DOROTEA GONZALEZ | |
| Defendants. | DATE: May 10, 2023<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for a status conference on May 10, 2023 in front of the Honorble Barbara A. McAuliffe, U.S. Magistrate Court Judge. The parties stipulate and request to continue the status conference to July 12, 2023 at 1:00 p.m. This case involves complex issues and intersecting state and federal cases, and counsel need additional time based in part on state timing, and also to review discovery, conduct additional investigation, and engage in additional discussions with the government before doing so. The Court's minute order directed the parties to agree on a trial date. While the parties are still engaged in discussions and further investigation and believe a further status will help conclude that process, should the Court want to set a trial date, the parties request a trial set for January 23, 2024 at 8:30 am.

On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized the continued public health emergency, continued to authorize video or teleconference court appearances in various cases, and noted the court's continued ability under

1 the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and
2 other matters, excluding time under the Act.  On June 27, 2022, the Court issued General Order 652,
3 which "authorized the use of videoconference and teleconference technology in certain criminal
4 proceedings under the in the Eastern District of California."  This and previous General Orders highlight
5 and were entered to address public health concerns related to COVID-19.

6 Although the General Orders address the district-wide health concern, the Supreme Court has
7 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
8 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
9 *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
10 exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
11 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
12 judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
13 or in writing").

14 Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
15 and inexcusable—General Orders 611, 612, 617, 631, 652 and 662 require specific supplementation.
16 Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of
17 his findings that the ends of justice served by taking such action outweigh the best interest of the public
18 and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable
19 unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
20 the ends of justice served by the granting of such continuance outweigh the best interests of the public
21 and the defendant in a speedy trial." *Id.*

22 The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
23 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
24 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
25 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
26 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
27 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
28 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. The parties need additional time to further investigate/explore matters related to resolving the case or setting a trial date.

2. By this stipulation, defendants now move to continue the status conference, and to exclude time from May 10, 2023 to July 12, 2023 or February 21, 2024 depending on whether the Court sets the case for further status on May 10 or trial on February 21 under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports, and related documents in electronic form. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. The parties have made progress in investigating the foundation for and discussing options to move the case forward to pleas or a trial. Defense would like additional time to investigate the options and foundations for the options further.

   b) The parties discussed a trial date, and because of conflicting schedules, other trials counsel has set (including defense counsel Bermudez's *U.S. Marcus Tatum*, 1:20-CR-00255, which she anticipates proceeding to trial), the parties agreed to request February 21, 2024 for trial.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

    c)  The government does not object to the continuance.

    d)  In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- Defendant's ability to prepare for trial or a plea has been inhibited by the public health emergency;

- Defendant needs additional time to review discovery, and conduct additional investigation; and

- The parties need additional time to investigate/explore matters related to proceeding via plea or trial.

    e)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 10, 2023 to July 12, 2023 or February 21, 2024 depending on whether the Court sets the case for further status on May 10 or trial on February 21, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

| | |
|---|---|
| Dated: May 4, 2023 | PHILLIP A. TALBERT<br>United States Attorney |
| | /s/ KIMBERLY A. SANCHEZ<br>KIMBERLY A. SANCHEZ<br>Assistant United States Attorney |
| Dated: May 4, 2023 | /s/ MONICA BERMUDEZ<br>MONICA BERMUDEZ<br>Counsel for Defendant<br>Amado Escobedo, Jr. |
| Dated: May 4, 2023 | /s/ PETER JONES<br>PETER JONES<br>Counsel for Defendant<br>Doroteo Gonzalez |

## ORDER

IT IS SO ORDERED that the status conference set for May 10, 2023, is vacated. A jury trial is set for **February 21, 2024, at 8:30 a.m. before District Judge Ana de Alba**. Estimated time of trial is **5 days**. A trial confirmation is set for **February 5, 2023, at 8:30 a.m. before District Judge Ana de Alba**. Time is excluded through trial pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated: __**May 8, 2023**__          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE